ELLEN STERN, Plaintiff, *v.* ALFRED B. KASTOR, Defendant.

City Court of the City of New York, Trial Term, New York County, January 8, 1946.

*Mitchell S. Fisher* for plaintiff.

*Bondy & Schloss* for defendant.

COLEMAN, J. This motion by the defendant to set aside the verdict of the jury in an action brought against him by his former wife involves the interpretation of certain provisions of a separation agreement providing for the custody and support of the children of the parties.

Paragraph fifth of the agreement contains the following: " The Husband shall be the guardian of the property of the Children, the parties hereto shall be the joint guardians of their respective persons, the Wife shall have the complete custody of the Children from the 1st day of October in each year to the 1st day of June in the following year, and the Husband shall have complete custody of the Children from the 1st day of June in each year to the following 1st day of October in that year, subject to appropriate arrangements to comply with terms of school or camp.''

Paragraph sixth provides: " The Husband agrees to pay or defray all expenses of every description of each of the children for the period during which he is entitled to the custody of such Child pursuant to the provisions of this agreement, and also during any period while any Child may actually be in his custody. All other expenses shall be defrayed by the Wife.''

The controversy is over the words, " subject to appropriate arrangements to comply with terms of school or camp '' contained in the fifth paragraph. The school year extended into the second week of June and began early in September, and the defendant takes the position that for the weeks in those two months when the children attended school, the plaintiff was responsible for their maintenance and not he. I think that the proviso in paragraph five means no more than that the father's right of custody from June 1st to October 1st must yield to convenience in the matter of school arrangements. I do not believe that these words were intended to effect a limitation only, or to qualify, his right to constructive custody of the children in that period or to impair the financial obligation of support during the months when he did have the right of custody. He is responsible therefore for the cost of maintenance for the period in question.

By the agreement the defendant also undertook to pay for the education of the daughter through her twenty-first year a sum not exceeding $750 per annum. The question came up at the trial whether the cost of education properly included the board and lodging of the daughter when she was attending college away from home. The defendant contended that " education " meant only tuition, but I cannot agree. " Education " of a girl at college away from home must include " board and lodging ".

The motion to set aside the jury's verdict is denied.